UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALII BLAZHEIEV,<br><br>Plaintiff,<br><br>v.<br><br>UBISOFT TORONTO INC., et al.,<br><br>Defendants. | Case No. 17-cv-07160-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 86 |

Plaintiff Vitalii Blazheiev, proceeding pro se, brought this suit against Defendants Ubisoft Toronto Inc., Ubisoft Inc., and Ubisoft Divertissements Inc., corporations that develop and/or publish video games. This Court's July 13, 2018 Order granting Defendants' motion to dismiss the First Amended Complaint lays out in detail the factual and procedural background of this case. *See* Docket No. 73. The gravamen of Plaintiff's complaint is that Defendants terminated Plaintiff's employment and thereafter harassed and made defamatory statements about Plaintiff, used his likeness and his trademarked name to promote their products, interfered with his employment relationships with other companies, and used his business software e-book to sell their products.

The Court dismissed the First Amended Complaint in its entirety on two bases. First, it failed to establish that this Court has personal jurisdiction over Ubisoft Toronto Inc. and Ubisoft Divertissements Inc., which are Canadian corporations. *See id.* at 4–10. Second, all of the causes of action asserted in the complaint were based on conclusory allegations devoid of factual content that failed to state a claim under Rule 12(b)(6). *See id.* at 11–19. However, the Court granted Plaintiff leave to amend, with the exception of his claims for stalking and intentional infliction of emotional distress. *See id.* at 23.

Plaintiff filed a Second Amended Complaint ("SAC") on August 13, 2018.[1] *See* Docket No. 78. The SAC asserted the same causes of action as the dismissed complaint minus the stalking and intentional infliction of emotional distress claims: (1) copyright infringement; (2) unauthorized use of name and likeness; (3) inducing breach of contracts; (4) intentional interference with prospective economic relations; (5) trademark infringement; and (6) federal unfair competition. The SAC also added what appears to be a copyright infringement claim under the Digital Millennium Copyright Act ("DMCA"). *See* SAC at 12–19. Defendants moved to dismiss the SAC on August 30, 2018. *See* Docket No. 86. Plaintiff failed to file a response, and the Court ordered Plaintiff to show cause why the case should not be dismissed for his failure to prosecute. *See* Docket No. 87. The Order specifically required Plaintiff to "address the merits of Defendants' motion to dismiss" in his response, and warned that failure to do so would lead to dismissal of his case with prejudice. *Id.*

Plaintiff's response to the Order to Show Cause does not address the merits of the motion to dismiss. Accordingly, the Court **GRANTS** the motion to dismiss, and **DISMISSES** the case **WITH PREJUDICE**.

## I. DISCUSSION

Plaintiff's response to the Order to Show Cause does not contain any substantive arguments. *See* Docket No. 88. Instead, it consists of a brief description of Plaintiff's DMCA takedown requests against Defendants and a list of websites purportedly "removed" as a result of his requests. *See id.* at 2–4. Plaintiff's failure to comply with the Order to Show Cause and engage with the merits of Defendants' motion to dismiss in itself warrants dismissal of his case. *See* Fed. R. Civ. P. 41(b).

Dismissal of the claims against Ubisoft Toronto Inc. and Ubisoft Divertissements Inc. is also appropriate because the SAC fails to cure the personal jurisdiction defects in the previous complaint. The allegations as to personal jurisdiction remain unchanged in the SAC, and are insufficient for the Court to conclude that it has jurisdiction over the Canadian Defendants. *See*

---

[1] Plaintiff filed another "Amended Complaint" on August 16, 2018, which appears to be identical to the SAC. *See* Docket No. 81.

SAC ¶¶ 3, 5 (alleging that Ubisoft Toronto Inc. and Ubisoft Divertissements Inc. are incorporated under Canadian law and have principal places of business in Canada); Docket No. 73 at 6 (explaining that Plaintiff's allegations do not satisfy the "purposeful direction" prong of the specific personal jurisdiction analysis).

Nor has Plaintiff supplemented the allegations underlying each cause of action in the SAC. *See* SAC ¶¶ 30–72 (repeating same allegations as previous complaint). Without any specific, non-conclusory factual allegations, the SAC fails to state any claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (instructing that a plaintiff must provide more than mere "labels and conclusions" in stating the "grounds of his entitlement); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Finally, Plaintiff's newly-added DMCA claim also fails, to the extent it is a standalone cause of action. The gist of the allegations supporting this claim is that Defendants engaged in "[u]nlicensed use of [Plaintiff's] copyrighted name and brand label in [a] commercial press release." SAC at 13. But the press release dates from April 2008, and time-barred by the three-year statute of limitations applying to copyright infringement and DMCA claims. *See* 17 U.S.C. § 507(b). While the limitations period may be renewed where a defendant commits successive copyright violations, Plaintiff has not alleged that Defendants in this case have committed successive infringements. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014).

///
///
///
///
///
///
///
///

3

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. The case is **DISMISSED WITH PREJUDICE**. The Clerk is instructed to enter judgment and close the file.

This order disposes of Docket No. 86.

**IT IS SO ORDERED**.

Dated: October 24, 2018

_____
EDWARD M. CHEN
United States District Judge

4